STATE OF MAINE
CUMBERLAND, ss.

STATE OF MAINE
CUMBERLAND
CLERK

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-02-618

2004 MAR 19 A 10: 48
TEH — CUM —3/9/04 -

BONNIE CABADING,

Plaintiff

v.

DECISION AND ORDER

MARY WEBSTER,

DONALD L. GARBRECHT
LAW LIBRARY

MAY 25 2004

Defendant

This matter was tried before the court on the plaintiff's claim for damages allegedly caused by the negligence of the defendant. In view of the parties' stipulation that the defendant was negligent, the issue is whether and to what extent the plaintiff's injuries were causally related to that negligence

## BACKGROUND

On October 9, 1998, the plaintiff was driving a new Ford Escort and was stopped for a red light behind a truck in the northbound lane of Route 25 in Standish, Maine. Both of her hands gripped the steering wheel. The plaintiff was wearing a seatbelt and her car seat was equipped with a headrest.

While the plaintiff's foot was on the brake and her attention was focused on the occupants of the truck in front, her vehicle was struck from behind by another vehicle operated by the defendant. The plaintiff did not see the defendant's vehicle at any time before the accident. The low impact collision caused the plaintiff's car to be pushed forward into

1

the rear of the truck, but her vehicle's airbag did not deploy. As a result of the impact, the plaintiff's chest hit the steering wheel, and she felt her head hit something, but she is unsure what it was.

The plaintiff got out of her car and checked on the two occupants of the truck. Both were fine. She then examined the damage to the rear of her vehicle.[1] At the urging of a volunteer EMS who happened upon the scene, the plaintiff got back in her car to wait for the police and rescue personnel. She had been out of her vehicle for approximately five minutes. The rescue personnel arrived and observed "very minimal damage" at the scene. They also noted that the plaintiff characterized the event as a low speed accident, and that she complained of cervical pain radiating to her head and forehead.[2]

The plaintiff was transported to Maine Medical Center. The hospital's emergency room records also recite the "low speed" characterization of the accident and note that the plaintiff complained of a headache and a tingling in the cervical area. She was discharged from the hospital after two hours.

For the next couple of days, the plaintiff slept a great deal largely because of medications prescribed for her at the hospital. On October 12, 1998, she saw her family doctor, Robert Rovner, M.D. She

---

[1] The collision caused approximately $980 worth of damage to the rear bumper of her car. This evidence was offered for its relevance to the issue of the severity of the accident. The plaintiff does not seek an award for property damages.

[2] The plaintiff testified that, after she and her car had come to rest following the collision, she turned in her seat to look out the rear-view window and felt a "pop" and a burning sensation in her lower back. However, the medical records do not reflect that she ever reported this to the rescue personnel, the emergency room doctor or to Dr. Rovner during her first visit with him.

2

complained of neck and upper back pain. Dr. Rovner concluded that she had sustained a whiplash injury. He prescribed medication and referred her to Saco Bay Orthopedic & Sports Physical Therapy, P.A. for physical therapy. She treated at Saco Bay from October 13, 1998 to December 21, 1998. In addition, the plaintiff was out of work for four weeks immediately following the accident. She returned to work on a part-time basis (4 to 5 hours per week) for the next four weeks. After that, she returned to full-time duty, and continues in that employment to the present time. In all, the plaintiff's accident-related lost wages total $2,262. By the end of December 1998, the plaintiff had completed her regimen of physical therapy, returned to work, and her condition was reported to be 80% improved.

In February 1999, she saw Dr. Rovner complaining of low back pain. She had not done any heavy lifting, but had been taking care of her granddaughter who was extremely active. An examination of her back did not reveal any problems, but Dr. Rovner felt that she had chronic low back pain with muscle spasms. He referred the plaintiff to an osteopath, Peter File, D.O., for manipulations. She was reluctant to go, but eventually saw Dr. File on August 2, 1999. Dr. File's medical history of the plaintiff indicates that she suffered from many maladies, both before and after the accident, including headaches, arthritis, nervousness, stress, chest pain, cramping in her extremities, depression, sleep disturbances, abdominal pain and menopause.

On August 9, 1999, she saw Dr. Rovner with a complaint of back pain. Dr. Rovner noted that she previously had a urinary tract infection

and that her symptoms on this visit were consistent with that malady. On September 27, 1999, she saw Dr. Reed Gramse regarding her complaint of low back pain. She reported that her pain was worse with bending and twisting movements, and when on her feet for long periods of time. Dr. Gramse's exam revealed nothing other than minor age-related wear-and-tear changes to her body and issues with her weight. He prescribed exercise and weight loss, and did not impose any restrictions on her activities. The plaintiff was only moderately compliant with this advice from her doctor.

Based upon the low-impact nature of the accident, the minimal damage to the plaintiff's vehicle, the plaintiff's testimony and the medical evidence, the court finds the plaintiff suffered injuries, pain and suffering that were causally related to the negligence of the defendant, and that her injuries were nearly fully resolved by the end of December 1998 or early 1999. The plaintiff's medical bills arising out of these accident-related related injuries total $2,290.75.[3] In addition, the plaintiff endured related and compensable pain and suffering that was also fully resolved by the end of December 1998 or early 1999. Although the plaintiff has also experienced pain, including low back pain, and other maladies subsequent to 1998, and incurred medical bills for the treatment of same, the court concludes that they are not causally related to the defendant's negligence and are most likely related to the plaintiff's ongoing urinary tract infections and other maladies.

---

[3] These bills include Standish EMS ($182.00), Maine Medical Center ($254.75), Southern Radiology Associates ($61.00), Dr. Robert Rovner ($86.00), and Saco Bay Physical Therapy ($1,889.00).

4

# DECISION

Pursuant to M.R. Civ. P. 79(a), the Clerk is directed to enter this Decision and Order on the Civil Docket by a notation incorporating it by reference and the entry is

> Judgment for Plaintiff in the amount of $9,500.00, together with costs, pre-judgment interest at the rate of 8%, and post-judgment interest at the rate of 7.28%.

Dated: March 19, 2004

_____
Justice, Superior Court*

BONNIE L CABADING  - PLAINTIFF

Attorney for: BONNIE L CABADING
DAVID VAN DYKE
BERMAN & SIMMONS
PO BOX 961
129 LISBON STREET
LEWISTON ME 04243-0961


SUPERIOR COURT
CUMBERLAND, ss.
Docket No   PORSC-CV-2002-00618


DOCKET RECORD


vs
MARY WEBSTER  - DEFENDANT


Attorney for: MARY WEBSTER
DEBORAH A BUCCINA
DOUGLAS DENHAM BUCCINA & ERNST
103 EXCHANGE ST
PO BOX 7108
PORTLAND ME 04112


Filing Document: COMPLAINT
Filing Date: 12/06/2002

Minor Case Type: AUTO NEGLIGENCE

## Docket Events:

12/06/2002 FILING DOCUMENT - COMPLAINT FILED ON 12/06/2002

12/06/2002 Party(s):  BONNIE L CABADING
        ATTORNEY - RETAINED ENTERED ON 12/06/2002
        Plaintiff's Attorney: DAVID VAN DYKE

12/17/2002 Party(s):  BONNIE L CABADING
        SUMMONS/SERVICE - CIVIL SUMMONS FILED ON 12/17/2002

12/17/2002 Party(s):  BONNIE L CABADING
        SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 12/14/2002
        UPON DEFENDANT, MARY WEBSTER.

12/31/2002 Party(s):  MARY WEBSTER
        RESPONSIVE PLEADING - ANSWER FILED ON 12/31/2002
        DEFENDANTS ANSWER TO PLAINTIFFS COMPLAINT, FILED.

12/31/2002 Party(s):  BONNIE L CABADING
        ATTORNEY - RETAINED ENTERED ON 12/31/2002

01/07/2003 ASSIGNMENT - SINGLE JUDGE/JUSTICE ASSIGNED TO JUSTICE ON 01/07/2003
        THOMAS E HUMPHREY , JUSTICE

01/09/2003 Party(s):  BONNIE L CABADING
        DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 01/09/2003
         PLAINTIFF'S FIRST SET OF INTERROGATORIES AND FIRST SET OF REQUESTS FOR PRODUCTION OF
        DOCUMENTS TO DEFENDANT MARY WEBSTER SERVED ON DEBORAH BUCCINA, ON 01-08-03.

01/24/2003 ORDER - SCHEDULING ORDER ENTERED ON 01/24/2003
        THOMAS E HUMPHREY , JUSTICE
        DISCOVERY DEADLINE IS SEPTEMBER 24, 2003. ON 01-24-03 COPIES MAILED TO DEBORAH BUCCINA,

Printed on: 03/19/2004

ESQ. AND DAVID J. VAN DYKE, ESQ.

02/10/2003 Party(s): MARY WEBSTER
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 02/10/2003
DEFENDANT'S OBJECTIONS TO PLAITNIFF'S INTERROGTORIES AND DEFENDANT'S OBJECTIONS TO
PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS SERVED ON DAVID VANDYKE, ESQ. ON 02-04-03

02/11/2003 Party(s): BONNIE L CABADING
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 02/11/2003
PLAINTIFF'S DEFENDANT'S INTERROGATORIES PROPOUNDED TO PLAINTIFF AND DEFENDANT'S REQUEST
FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF SERVED ON DAVID VANDYKE ESQ. 02-04-03

02/13/2003 Party(s): MARY WEBSTER
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 02/13/2003
DEFENDANT'S RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS SERVED ON DAVID
VAN DYKE ESQ ON 2-11-03

02/26/2003 Party(s): MARY WEBSTER
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 02/26/2003
DEFENDANT'S ANSWERS TO INTERROGATORIES SERVED ON DAVID VAN DYKE, ESQ. ON 2-24-03.

03/11/2003 Party(s): BONNIE L CABADING
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 03/11/2003
DEFENDANT'S SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 6 SERVED ON DAVID VANDYKE, ESQ. 03-
06-03.

03/14/2003 Party(s): BONNIE L CABADING
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 03/14/2003
PLAINTIFF'S ANSWERS TO INTERROGATORIES PROPOUNDED BY DEFENDANT, MARY WEBSTER AND
PLAINTIFF'S RESPONSES TO DEFENDANT'S REQUESTS FOR PRODUCTION OF DOCUMENTS SERVED ON
DEBORAH BUCCINA, ESQ. ON MARCH 12, 2003.

04/14/2003 Party(s): BONNIE L CABADING
LETTER - FROM PARTY FILED ON 04/14/2003
FROM DAVID VAN DYKE, ESQ. ADVISING THE COURT THAT THE MEDIATION SCHEDULED FOR 4-14-03 HAS
BEEN CONTINUED AND WILL ADVISE THE COURT OF A NEW DATE.

04/17/2003 Party(s): BONNIE L CABADING
OTHER FILING - DESIGNATION OF EXPERT WITNESS FILED ON 04/17/2003
PLAINTIFF'S

04/24/2003 Party(s): MARY WEBSTER
ATTORNEY - RETAINED ENTERED ON 12/31/2002
Defendant's Attorney: DEBORAH A BUCCINA

04/24/2003 Party(s): BONNIE L CABADING
LETTER - FROM PARTY FILED ON 04/24/2003
LETTER FROM DAVID J. VAN DYKE ESQ. REGARDING ADR MEDIATION BEING RESCHEDULED TO JUNE 19,
2003 @ 01:00 PM WITH ATTORNEY JAMES BOWIE.

04/24/2003 Party(s): BONNIE L CABADING
MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 04/24/2003
PLAINTIFF'S MOTION TO ENLARGE TIME FOR CONDUCT OF ADR (WITHOUT OPPOSITION)

04/29/2003 Party(s): BONNIE L CABADING
MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 04/28/2003
THOMAS E HUMPHREY , JUSTICE
IT IS HEREBY ORDERED AND ADJUDGED THAT THE PLAINTIFF'S MOTION IS GRANTED IN ITS ENTIRETY,
AND IT IS FURTHER ORDERED AND ADJUDGED THAT THE PLAINTIFF'S TIME FOR HER CONDUCT OF HER
ADR IS ENLARGED THROUGH AND INCLUDING JUNE 15, 2003.ON 04-30-03 COPIES MAILED TO DAVID VAN
DYKE AND DEBORAH BUCCINA, ESQS.

06/12/2003 Party(s): BONNIE L CABADING
MOTION - MOTION TO WAIVE ADR FILED ON 06/10/2003
PLAINTIFF, BONNIE L. CABADING MOTION TO WAIVE MEDIATION (AGREED-TO).

06/12/2003 Party(s): BONNIE L CABADING
MOTION - MOTION TO WAIVE ADR DENIED ON 06/12/2003
THOMAS E HUMPHREY , JUSTICE
IT IS HEREBY ORDERED AND ADJUDGED THAT PLAINTIFF'S MOTION TO WAIVE MEDIATIOHN IS DENIED.
ON 06-12-03 COPIES MAILED TO

06/25/2003 Party(s): BONNIE L CABADING
ADR - NOTICE OF ADR PROCESS/NEUTRAL FILED ON 06/25/2003
JAMES BOWIE ESQ TO MEDIATE MATTER ON 8-28-03

06/25/2003 Party(s): BONNIE L CABADING
LETTER - FROM PARTY FILED ON 06/25/2003
FROM DAVID VAN DYKE ESQ. TO JAMES BOWIE ESQ CONFIRMING MEDIATION

07/01/2003 Party(s): MARY WEBSTER
MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 07/01/2003
UNOPPOSED MOTION TO EXTEND TIME TO CONDUCT ADR MEDIATION AND TO FILE MEDIATOR'S REPORT.

07/01/2003 Party(s): MARY WEBSTER
MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 07/01/2003
THOMAS E HUMPHREY , JUSTICE
UNOPPOSED MOTION TO EXTEND TIME TO CONDUCT ADR MEDIATION AND TO FILE MEDIATOR'S REPORT: IT
IS HEREBY ORDERED AND ADJUDGED THAT THE MOTION IS GRANTED IN ITS ENTIRETY, AND IT IS
FURTHER ORDERED AND ADJUDGED THAT THE TIME TO CONDUCT THE ADR IS ENLARGED THROUGH AND
INCLUDING AUGUST 28, 2003. THE REPORT OF MEDIATION IS TO BE FILED BY SEPTEMBER 11, 2003.
ON 07-01-03 COPIES MAILED TO DAVID VAN DYKE, ESQ. AND DEBORAH BUCCINA, ESQ.

09/05/2003 ORDER - REPORT OF ADR CONF/ORDER FILED ON 09/04/2003
THOMAS E HUMPHREY , JUSTICE
REPORT OF ADR CONFERENCE FILED. CASE IS UNRESOLVED. ORDER ENTERED. ON 09-05-03 COPIES
MAILED TO DAVID VAN DYKE, ESQ. AND DEBORAH BUCCINA, ESQ.

10/09/2003 Party(s): BONNIE L CABADING
OTHER FILING - WITNESS & EXHIBIT LIST FILED ON 10/09/2003
COPY OF PLAINTIFF'S DESIGNATION OF TRIAL WITNESSES AND TRIAL EXHIBITS.(LLS)

01/15/2004 ORDER - FINAL PRETRIAL ORDER ENTERED ON 01/06/2004
THOMAS E HUMPHREY , JUSTICE
RULE 16(B) PRETRIAL ORDER ENTERED. ON 01-07-04 COPIES MAILED TO DAVID J. VAN DYKE, AND
DEBORAH BUCCINA, ESQS.

01/16/2004 Party(s):  MARY WEBSTER
MOTION - MOTION FOR JURY TRIAL FILED ON 01/14/2004
UNOPPOSED MOTION FOR JURY TRIAL. (AD).

01/20/2004 Party(s):  BONNIE L CABADING
OTHER FILING - OPPOSING MEMORANDUM FILED ON 01/20/2004
PLAINTIFF'S OPPOSITION TO DEFENDANT'S UNOPPOSED MOTION FOR JURY TRIAL WITH EXHIBIT'S.
(LLS)

01/21/2004 Party(s):  MARY WEBSTER
OTHER FILING - REPLY MEMORANDUM FILED ON 01/20/2004
DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO JURY TRIAL.   (LLS)

01/29/2004 Party(s):  MARY WEBSTER
MOTION - MOTION FOR JURY TRIAL DENIED ON 01/27/2004
THOMAS E HUMPHREY , JUSTICE
MOTION DENIED. ON 01-29-04 COPIES MAILED TO DEBORAH BUCCINA, ESQ. AND

02/02/2004 Party(s):  BONNIE L CABADING
DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 02/02/2004
NOTICE TO TAKE ORAL DEPOSITION OF ROBERT B. ROVNER M.D. SERVED ON DEBORAH BUCCINA ESQ. ON
1-30-04 (GA)

02/02/2004 Party(s):  MARY WEBSTER
LETTER - FROM PARTY FILED ON 02/02/2004
LETTER FROM DEBORAH A. BUCCINA ESQ., REGARDING CASE BEING PLACED ON THE BACK UP LIST FOR
NON-JURY TRIAL FOR THE WEEK OF FEBRUARY 2, 2004 THROUGH FEBRUARY 6, 2004 AND A TELEPHONE
CONFERENCE.  (LLS)

03/17/2004 Party(s):  MARY WEBSTER
OTHER FILING - WITNESS LIST FILED ON 03/16/2004
OF DEFENDANT   (DC)

03/17/2004 Party(s):  MARY WEBSTER·
OTHER FILING - EXHIBIT LIST FILED ON 03/16/2004
OF DEFENDANT   (DC)

03/19/2004 TRIAL - BENCH HELD ON 03/17/2004
THOMAS E HUMPHREY , JUSTICE
NON-JURY TRIAL BEGINS. OPENING STATEMENTS BY BOTH COUNSEL. PLAINTIFF'S TESTIOMONY BEGINS.
PLAINTIFF RESTS. DEFENDANT RESTS. CLOSING ARGUMENTS MADE BY BOTH COUNSEL. COURT TAKES
MATTER UNDER ADVISEMENT. DAVID VAN DYKE, ESQ. PRESENT FOR PLAINTIFF; DEBORAH BUCCINA, ESQ.
PRESENT FOR DEFENDANT. LORI DUNBAR, COURT REPORTER. AD

03/19/2004 NOTE - OTHER CASE NOTE ENTERED ON 03/17/2004
PLAINTIFF'S AND DEFENDANT'S EXHIBITS FOR TRIAL HELD ON 03-17-2004 ARE ENCLOSED IN FILE ON
EXHIBIT SHEETS. AD

03/19/2004 FINDING - JUDGMENT DETERMINATION ENTERED ON 03/19/2004
THOMAS E HUMPHREY , JUSTICE
PURSUANT TO M.R.CIV.P.79(A), THE CLERK IS DIRECTED TO ENTER THIS DECISION AND ORDER ON THE
CIVIL DOCKET BY A NOTATION INCORPORATING IT BY REFERENCE AND THE ENTRY IS JUDGMENT FOR

PLAINTIFF IN THE AMOUNT OF $9,500.00, TOGETHER WITH COSTS, PRE-JUDGMENT INTEREST AT THE RATE OF 8%, AND POST-JUDGMENT INTEREST AT THE RATE OF 7.28%. AD ON 03-19-04 COPIES MAILED TO DAVID VAN DYKE, ESQ. AND DEBORAH BUCCINA, ESQ.

ORDER - COURT JUDGMENT ENTERED ON 03/19/2004
THOMAS E HUMPHREY , JUSTICE
PURSUANT TO M.R.CIV.P.79(A), THE CLERK IS DIRECTED TO ENTER THIS DECISION AND ORDER ON THE CIVIL DOCKET BY A NOTATION INCORPORATING IT BY REFERENCE AND THE ENTRY IS JUDGMENT FOR PLAINTIFF IN THE AMOUNT OF $9,500.00, TOGETHER WITH COSTS, PRE-JUDGMENT INTEREST AT THE RATE OF 8%, AND POST-JUDGMENT INTEREST AT THE RATE OF 7.28%. AD ON 03-19-04 COPIES MAILED TO DAVID VAN DYKE, ESQ. AND DEBORAH BUCCINA, ESQ.

A TRUE COPY
ATTEST: _____
                    Clerk